IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUOLJOCK TAP LIA, | ) |
| | ) |
| Plaintiff, | )  8:07cv49 |
| | ) |
| vs. | )  MEMORANDUM AND ORDER |
| | ) |
| BRENDA LEUCK, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court for initial review of the complaint filed by the plaintiff, Chuoljock Tap Lia, a prisoner or pretrial detainee in the Douglas County Correctional Center ("DCCC"). Also before the court is Filing No. 2, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP"). Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by confined persons. See, e.g., 28 U.S.C. § 1915A, which directs the court to screen prisoner complaints. Similarly, by moving for leave to proceed IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging civil rights violations by the public defender who represents the plaintiff in a state criminal prosecution,

the presiding judge in the case, and police officers who allegedly falsified evidence. The plaintiff states that the actions of the judge, public defender and police caused the plaintiff to accept a plea agreement that he did not want to make. The plaintiff does not state precisely what relief he seeks except that he wants the court to proceed with this litigation.

However, as discussed below, none of the plaintiff's claims may be brought in a civil rights action in the circumstances of this case, and the complaint fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

First, judges have absolutely immunity from a suit for damages arising out of acts, whether or not erroneous, in their judicial capacity, as long as such acts were not taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). As an example of a clear absence of jurisdiction, see id. at 357 n. 7: "[I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991).

In addition, for many reasons, this court could not impose injunctive relief on a state court judge by ordering the judge to act or refrain from acting in the state court proceedings involving the plaintiff. Even 42 U.S.C. § 1983 on its face bars injunctive relief "against a judicial officer," with limited exceptions not applicable here. 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, **except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable**. For purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(Emphasis added.)

Second, a federal district court is not an appellate court with jurisdiction over the state district courts. Therefore, injunctive relief is not available in this court to compel a judge to act in state court proceedings or to review or reverse decisions by state courts. Federal courts have no general power to compel action by state judicial officials. See, e.g., Davis v. Lansing, 851 F.2d 72, 74 (2d Cir.1988) (federal courts have no general power to interfere in state court proceedings or to direct state courts or their judicial officers in the performance of their duties).

Third, 42 U.S.C. § 1983 provides a remedy for certain deprivations of a claimant's civil rights. To state a claim for relief in an action brought under § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed "under color of state law," that is,

by "state actors." A public defender is not a state actor and does not act under color of state law for purposes of 42 U.S.C. § 1983 when performing traditional functions as counsel for the defendant in a criminal prosecution. See Polk County v. Dodson, 454 U.S. 312, 321-22 (1981) (holding that a public defender does not act under color of state law, as required for an action under section 1983, because a public defender "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is a legal "assumption that counsel will be free of state control"). Therefore, "a public defender does not act under color of state law when performing a lawyer's traditional functions ...." Id. at 325. Even if a public defender performs those functions without due care, the attorney does not act under color of state law. Therefore, the plaintiff has not stated a claim on which relief may be granted against his appointed public defender.

Fourth, insofar as the plaintiff may be challenging his charges, plea or conviction in the state criminal matter, that challenge must be brought by a habeas corpus or similar proceeding, after the plaintiff exhausts his direct appeals and, if necessary, any postconviction proceedings in the state courts. A state prisoner may not use the federal civil rights laws to circumvent traditional habeas corpus jurisdiction. See, e.g., Muhammad v. Close, 540 U.S. 749, 750 (2004):

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 ... (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for

4

recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In <u>Heck v. Humphrey</u>, 512 U.S. 477 ... (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence .... In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies.

For the foregoing reasons, this case will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). The plaintiff's Motion to Proceed IFP is denied as moot, and thus, no order will be entered directing collection of a filing fee.

THEREFORE, IT IS ORDERED:

1. That the above-entitled case and the plaintiff's complaint are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B);

2. That Filing No. 2 is denied as moot; and

3. That judgment will be entered in accordance with this Memorandum and Order.

DATED this 7th day of February, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge