IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHUOLJOCK TAP LIA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07cv49 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| BRENDA LEUCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Filing Nos. 7, 9 and 13, the Motions for Reconsideration and to Reopen this case, filed by the plaintiff, Chuoljock Tap Lia. The plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging civil rights violations by the public defender who represented the plaintiff in a state criminal prosecution, the presiding judge in the case, and police officers who allegedly falsified evidence. The plaintiff states that the actions of the judge, public defender and police caused the plaintiff to accept a plea agreement that he did not want to make.

This court explained that judges have absolute immunity, and public defenders do not act under color of state law. This court is not an appellate court with jurisdiction to compel a state judge to act in state court proceedings or to review or reverse decisions by state courts. Finally, insofar as the plaintiff may be challenging his charges, plea or conviction in the state criminal matter, that challenge must be brought by a habeas corpus or similar proceeding, after the plaintiff has exhausted his direct appeals and, if necessary, any postconviction proceedings in the state courts. A state prisoner may not use the federal civil rights laws to circumvent traditional habeas corpus jurisdiction.

Therefore, this court entered judgment on February 7, 2007 (Filing Nos. 5 and 6) dismissing this case without prejudice. The foregoing principles still apply, and they

preclude this court from granting the plaintiff's present motions to reconsider and to reopen this case. Therefore, Filing Nos. 7, 9 and 13 are denied.

SO ORDERED.

DATED this 9th day of May, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge